UNITED STATES COURT OF APPEALS
**Filed 1/15/97**
FOR THE TENTH CIRCUIT

FREDERICK RANDALL WILSON,

       Plaintiff-Appellant,

v.

STATE INSURANCE FUND, ex rel.
State of Oklahoma,

       Defendant-Appellee.

No. 96-6100
(D.C. No. CIV-95-868-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Plaintiff Frederick Randall Wilson appeals from the district court's order disposing of his claims of employment discrimination against defendant State Insurance Fund (SIF). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In February 1990, SIF hired plaintiff, a person functioning within the mild range of mental retardation, as a light vehicle driver under a program for prospective state agency employees with severe disabilities. See Okla. Stat. tit. 74, § 840-4.12(H). Throughout his employment, plaintiff had a history of absenteeism and noncompliance with attendance procedures. These attendance problems worsened after he suffered an on-the-job injury on January 29, 1993. His treating physician released him for light-duty work on February 22, and for work without restrictions on March 18. However, plaintiff worked only 4.5 hours during the month of March. He brought physicians' slips to SIF showing that he was under medical care on March 15 and March 25-30.

On April 2, plaintiff's supervisors counseled him on his attendance problems and ordered him to return to work. Nevertheless, plaintiff missed eleven of the fifteen working days between April 1 and April 21. He provided documentation of medical treatment on April 8-9 and April 15-16. On April 21, the director of human resources questioned plaintiff about his recent absences and told him to return to work immediately or face dismissal. After talking to his

father on the telephone, plaintiff asked for additional time off to see his vocational rehabilitation counselor. The director denied the request and plaintiff wrote a letter stating that he was resigning "under duress." Appellant's App. at 22.

Plaintiff exhausted his administrative remedies and brought this action, alleging that he had been constructively discharged in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; the Oklahoma Antidiscrimination Act, Okla. Stat. tit. 25, §§ 1301-11, 1901; the "persons with severe disabilities" provisions of the Oklahoma Personnel Act, Okla. Stat. tit. 74, § 840-4.12(H); and Oklahoma public policy.[1] The gist of plaintiff's complaint was that SIF failed to accommodate his mental handicap because it did not recognize that his absenteeism was in reaction to unsatisfactory work conditions. The trial court entered summary judgment in SIF's favor on the ADA and public policy claims and dismissed the state statutory claims. This appeal followed.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court under Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir 1995). Pursuant to Rule 56(c), summary judgment shall enter when "the pleadings, depositions, answers to

---

[1] Plaintiff also alleged a violation of the federal Rehabilitation Act, 29 U.S.C. § 794. Plaintiff has not appealed the trial court's ruling that SIF is not subject to the Act because it did not receive federal financial assistance.

-3-

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

To establish a prima facie case of a wrongful discharge under the ADA, a plaintiff must show that: (1) he is a disabled person within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job, with or without reasonable accommodation (which he must describe); and (3) the employer terminated him because of his disability. MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1443 (10th Cir. 1996).

For the purposes of summary judgment, the trial court assumed proof of the first element of a prima facie case: that plaintiff was an individual with a disability.[2] The court focused on the second element and determined that, based on plaintiff's undisputed record of absenteeism, he was not a qualified individual entitled to the protection of the ADA. See Tyndall v. National Educ. Ctrs. Inc., 31 F.3d 209, 213 (4th Cir. 1994) ("[A] regular and reliable level of attendance is a necessary element of most jobs."); cf. Carr v. Reno, 23 F.3d 525, 530 (D.C. Cir. 1994) (Under the Rehabilitation Act of 1973, "an ability to appear for work" is an essential function of any government job).

_____

[2]    The ADA defines disability, in part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

We agree with the trial court that plaintiff's frequent, unauthorized, and prolonged absences meant that he was unable to perform the essential functions of the job of light vehicle driver. Consequently, plaintiff could not demonstrate that he was a qualified individual entitled to the protection of the ADA. See Hudson v. MCI Telecomms. Corp., 87 F.3d 1167, 1168-69 (10th Cir. 1996) (holding an employee who required indefinite unpaid leave to recover from a work-related injury was not a qualified individual who could perform her job with reasonable accommodation).[3] Because plaintiff failed to prove the second element of a prima facie case, summary judgment was the appropriate disposition of the ADA claim.[4]

For essentially the same reasons set forth in our analysis of the ADA claim, plaintiff's state statutory claims also fail. The Oklahoma Antidiscrimination Act prohibits discrimination against an individual because of his handicap unless the action is related to a "bona fide occupational qualification reasonably necessary to the normal operation of the employer's business." Okla. Stat. tit. 25, § 1302(A)(1). Here, ordering plaintiff to attend work in a regular and reliable

---

[3]     Our determination that plaintiff is not a qualified individual under the ADA is not dependent upon whether or not his absences were attributable to on-the-job stress. Accordingly, we do not address plaintiff's arguments concerning the application of a "reasonable mentally handicapped person" standard or the import of expert witness testimony on the reasons for his absences.

[4]     Because plaintiff failed to prove the second element of a prima facie case, we do not decide if he satisfied the third element: whether SIF's actions amounted to constructive discharge and were attributable to plaintiff's disability.

manner amounted to a bona fide occupational requirement necessary to the functioning of SIF's operations.[5]

Plaintiff's statutory claim under the Oklahoma Personnel Act is also unsuccessful. The measure relating to state employment of the handicapped, Okla. Stat. tit. 74, § 840-4.12(H), exempts persons with severe disabilities from merit system entrance examinations and hiring procedures if they meet the minimum qualifications in the applicable job specifications. Plaintiff provided no evidence that SIF violated § 840-4.12(H).

The final contention on appeal is that plaintiff was constructively discharged in violation of Oklahoma public policy against discrimination on the basis of disability. In Burk v. K-Mart Corp., 770 P.2d 24, 28 (Okla. 1989), the Oklahoma Supreme Court adopted an "exception to the at-will termination rule in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." As explained above, plaintiff did not demonstrate that SIF's actions were in violation of the public policy expressed in either federal or state law.[6]

---

[5] The trial court dismissed plaintiff's state statutory claims on the ground that the applicable statutes do not require "reasonable accommodation." Because we hold that plaintiff's evidence was insufficient to establish unlawful discrimination, we have no occasion to address this issue of statutory construction.

[6] The trial court determined that plaintiff's claim was a status-based claim
(continued...)

The judgment of the United States District Court for the Western District of

Oklahoma is AFFIRMED.


                                        Entered for the Court


                                        Robert H. Henry
                                        Circuit Judge

---

with an adequate statutory remedy and, therefore, precluded by the holding of the
Oklahoma Supreme Court in List v. Anchor Paint Mfg. Co., 910 P.2d 1011, 1015
(Okla. 1996).  We do not reach this issue.